IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMMY ALPHONSE,<br>  Petitioner | : | No. 3:24-CV-0855 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN RICKARD,<br>  Respondent | : | |

## MEMORANDUM

Petitioner Jammy Alphonse is a federal inmate currently incarcerated at FCI Schuylkill, in Minersville, Pennsylvania. He initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Apparently, Alphonse is attempting to collaterally attack his conviction and sentence entered in 2022 by the United States District Court for the District of Massachusetts. Because it plainly appears from the Section 2241 petition that Alphonse is not entitled to relief, the court will dismiss his petition without a response from the government. See 28 U.S.C. § 2254 Rule 4.[1]

### I.   BACKGROUND

Alphonse is currently serving a 94-month aggregate sentence imposed by the United States District Court for the District of Massachusetts for conspiracy to

---

[1] See also 28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions).

commit wire fraud, false representation of social security number, aggravated identity theft, felon in possession of a firearm and ammunition, and possession with intent to distribute fentanyl. See United States v. Alphonse, No. 1:22-CR-10104-LTS, Doc. 35 (D. Mass. Oct. 6, 2022). It does not appear that Alphonse filed a direct appeal or a motion to vacate pursuant to 28 U.S.C. § 2255. See generally Alphonse, No. 1:22-CR-10104-LTS (D. Mass.).

Instead, in May 2024, Alphonse lodged the instant Section 2241 petition in this court. (Doc. 1). Although his petition is not a model of clarity, he seems to be collaterally attacking his 18 U.S.C. § 922(g) ("section 922(g)") felon-in-possession conviction through the saving clause found in 28 U.S.C. § 2255(e), relying primarily on the decision by the United States Court of Appeals for the Third Circuit in Range v. Attorney General of U.S., 69 F.4th 96 (3d Cir. 2023) (en banc), vacated, Garland v. Range, __ S. Ct. __, No. 23-374, 2024 WL 3259661 (July 2, 2024). (See Doc. 1 at 1, 3-15). Because the court does not have jurisdiction to entertain Alphonse's Section 2241 petition, it will be dismissed.

## II. DISCUSSION

As best as the court can discern, Alphonse is challenging his Section 922(g) felon-in possession conviction by arguing that an intervening change in Third Circuit case law renders this conviction unconstitutional. (See Doc. 1 at 1,

3-15).² His attempt to utilize the saving clause, 28 U.S.C. § 2255(e), to collaterally attack his felon-in possession conviction via a Section 2241 petition fails for at least two reasons. First, Alphonse could have raised his arguments based on new developments in case law in a timely Section 2255 motion. Second, even if Alphonse had already filed a Section 2255 motion, recent Supreme Court precedent unequivocally forecloses Alphonse's attempt to utilize a Section 2241 petition to collaterally attack his conviction.

Generally, the presumptive method for bringing a collateral challenge to the validity of a federal conviction or sentence is a motion to vacate pursuant to 28 U.S.C. § 2255. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted). Only in the exceedingly rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention" can a federal prisoner proceed under Section 2241 instead of Section 2255. See 28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" or "saving clause"); In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), abrogated by Jones v. Hendrix, 599 U.S. 465 (2023).

---

² Alphonse also includes several handwritten pages that appear to challenge the search of his residence and certain sentencing enhancements. (See Doc. 1 at 2, 16-19). These are claims that should have been raised in the trial court or on appeal. There is simply no basis for Alphonse to assert them in a petition under 28 U.S.C. § 2241.

3

For many years, the law in the Third Circuit (and the majority of other circuits) was that this "saving clause" in Section 2255(e) applied when an intervening change in controlling, substantive law renders the petitioner's prior conduct noncriminal. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179-80 (3d Cir. 2017) (collecting cases), abrogation recognized by Voneida v. Johnson, 88 F.4th 233 (3d Cir. 2023). In other words, for more than two decades, the Third Circuit held that Section 2255(e) permitted a federal prisoner to resort to a Section 2241 petition when he "had no earlier opportunity to challenge" a conviction for a crime "that an intervening change in substantive law may negate." Id. at 180 (quoting Dorsainvil, 119 F.3d at 251).

In June 2023, however, the Supreme Court of the United States decided Jones v. Hendrix, abrogating—among other circuit court decisions—In re Dorsainvil and causing a profound change in habeas practice with respect to Section 2241 petitions. See Jones, 599 U.S. at 477. The Jones Court explicitly held that "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Id. at 471.

Rather, Section 2255(e)'s saving clause is reserved for exceedingly rare situations where it is "impossible or impracticable to seek relief in the sentencing court," such as when the sentencing court dissolves or when the prisoner is

4

unable to be present at a necessary hearing. See id. at 474-75, 478. The saving clause also "preserves recourse to § 2241 . . . for challenges to detention other than collateral attacks on a sentence." Id. at 478; see also id. at 475-76. In all other circumstances, a convicted prisoner's *only* avenue for filing a second or successive Section 2255 motion attacking his sentence is expressly codified in 28 U.S.C. § 2255(h): "newly discovered evidence," 28 U.S.C. § 2255(h)(1), or "a new rule of *constitutional* law," id. § 2255(h)(2) (emphasis added). Jones, 599 U.S. at 477-80.

Alphonse's Section 2241 petition fails under the law preexisting Jones and, of course, following it. First and foremost, Section 2255(e)'s saving clause does not apply here because Alphonse had the ability to raise his Range-based claim (which case was decided June 6, 2023) in a Section 2255 motion. After all, Alphonse's one-year statute of limitations for a Section 2255 motion did not expire until September 29, 2023. See Alphonse, No. 1:22-CR-10104-LTS, Doc. 35 at 1 (entering judgment on September 15, 2022); FED. R. APP. P. 4(b) (providing 14 days in which to appeal criminal conviction); 28 U.S.C. § 2255(f)(1) (providing one year from "the date on which the judgment of conviction becomes final" to file Section 2255 motion). The fact that Alphonse failed to file such a motion does not render Section 2255 "inadequate or ineffective" such that he can resort to Section 2241. See, e.g., Lanter v. Warden Lewisburg USP, 844 F.

App'x 489, 490-91 (3d Cir. 2021) (nonprecedential) (explaining that simply because petitioner failed to timely file an initial Section 2255 motion invoking intervening change in controlling law based on new Supreme Court precedent did not render Section 2255 "inadequate or ineffective" and permit resort to a Section 2241 petition through Section 2255(e)).[3]

Additionally, after Jones v. Hendrix, Alphonse's invocation of a purported change in controlling, substantive law no longer qualifies for resort to the saving clause in Section 2255(e). Thus, even if he had filed an initial Section 2255 motion in the sentencing court, his instant Range-based claim does not meet the statutory requirements for a second or successive Section 2255 motion or render Section 2255 "inadequate or ineffective" such that he could file a Section 2241 petition in this court.

Essentially, the saving clause in Section 2255(e) does not apply to Alphonse's claim. Thus, he cannot collaterally challenge his 2022 conviction through the instant Section 2241 petition. His petition, therefore, must be dismissed for lack of jurisdiction. See Cradle, 290 F.3d at 538, 539.

---

[3] The court further observes that the Range case likely does not represent an intervening change in controlling, substantive law because it was subsequently vacated by the Supreme Court of the United States. This issue, however, is immaterial to the court's jurisdictional inquiry and thus does not warrant further discussion.

6

## III. CONCLUSION

Based on the foregoing, the court will dismiss Alphonse's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

Date: 7/24/24

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

7